IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE ALLEN GUILFOIL,

    Plaintiff,

v.   : Civ. No. 20-1348-CFC

BLAIR ROGERS, et al.,

    Defendants.

---

Dale Allen Guilfoil, Clayton, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 13, 2021
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Dale Allen Guilfoil, a former inmate at Morris Community Corrections in Dover, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that Defendants violated his constitutional rights by keeping him incarcerated because of his disease (*i.e.*, alcoholism). His Complaint concerns a violation of probation charge, a conditional release, and reincarceration. The Court takes judicial notice that in 2015, the Delaware Superior Court jury convicted Plaintiff of driving a vehicle while under the influence of alcohol and/or drugs in violation of 21 Del. C. § 4177 and sentenced him to fifteen years of incarceration, suspended after six years for one year of probation. *See Guilfoil v. State*, 2020 WL 6498679, at *1, 241 A.3d 219 (Del. Nov. 4, 2020) (table). He is currently on supervised custody at the Dover Probation and Parole Office. *See* https://vinelink.vineapps.com/person-detail/offender/ 2587613;tabIndexToSelect=0 (last visited May 18, 2021).

On Wednesday, May 29, 2019, Plaintiff spoke to Defendant probation and parole officer Blair Rogers and told her that he had been hospitalized and he would be late that

---

[1] Plaintiff was released in February 2021. (*See* D.I. 8)

day for his regularly scheduled meeting. (D.I. 3 at 7) Prior to that date, a Detox counselor had told Rogers that Plaintiff was drinking every day and needed to go to detox but Detox would not take him because Plaintiff was not going through withdrawals. (*Id.*) Rogers told Plaintiff to come on Thursday, May 30, 2019, before 4 p.m. (*Id.*) On Thursday, Plaintiff signed in and, while waiting, fell asleep. (*Id.*)

Rogers escorted Plaintiff to her office and once he was there, a male probation officer, Defendant John Doe 1, stepped in the doorway with a set of handcuffs. (*Id.* at 14) When Plaintiff was asked if he had been drinking, he replied he had not and that he had been very ill and in the hospital. (*Id.*) Plaintiff was given a breathalyzer test and the reading was zero. (*Id.*) Rogers stated, "he's telling the truth" and Doe 1 stated they were sure Plaintiff was drunk by the way he walked in and then fell asleep. (*Id.* at 14-15) When Rogers indicated she would violate Plaintiff for a missed appointment, Plaintiff reminded her it was she who had told him to come in on Thursday. (*Id.* at 15)

Doe 1 and Rogers' supervisor, Defendant Jeffery Henderson, escorted Plaintiff to a holding cell and the same day Doe 1 and John Doe 2 transported Plaintiff from Probation to the Central Violation of Probation near Smyrna, Delaware. (*Id.*) Plaintiff was not served with an administrative warrant or a violation report. (*Id.*) He alleges a violation of 11 Del. C. § 4334. Around June 3, 2019, Plaintiff made a phone call and learned there was a cash bail for a technical violation, he had been assigned a public defender, and a hearing was scheduled for June 28, 2019. (*Id.* at 16) The Court docket shows "bails were signed in judge's chamber with Roger and the Judge dated June 6, 2019; also warrants being filed that day." (*Id.* at 20) Plaintiff received two offender status sheets dated June 13, 2019; one with the bail information and one with probation information. (*Id.*)

2

Prior to the June 28, 2019, hearing, Plaintiff met with his attorney, Defendant Robert Harpster. (*Id.*) During the hearing Plaintiff was asked if he had three positive urine screens and he responded he had and it had been dealt with in a May 20, 2019 order. (*Id.* at 17) Plaintiff states that at the hearing Harpster advised the Court that Plaintiff had a level III violation while Plaintiff maintains he was violated for missing an appointment. (*Id.*) Rogers was not at the hearing and Plaintiff alleges that Defendant Judge Jeffery Clark, Harpster, and the probation officer who read the report at the hearing were confused when they said the violation was for three positive urine screens. (*Id.* at 18) Orders were entered on June 28, 2019 and August 5, 2019. (*Id.* at 18-19) At both the June 28, 2019 hearing and the July 2, 2020 resentencing Judge Clark said that Plaintiff was addicted to alcohol and needed to be incarcerated. (*Id.* at 19, 20) Nothing was mentioned about the technical violation of Plaintiff missing an appointment as reported by Rogers. (*Id.*)

Plaintiff discovered the August 5, 2019 order when he appealed the June 28, 2019 order.[2] (*Id.* at 18) Following the June 28, 2019 hearing, Plaintiff wrote to Defendant Attorney General Kathleen Jennings and Judge Clark to obtain copies of all relevant documents but they did not respond to Plaintiff. (*Id.* at 20) Plaintiff alleges

---

[2] The State conceded that the Superior Court erroneously entered the August 5, 2020 sentencing order and the Delaware Supreme Court remanded the matter for further proceedings. *Guilfoil v. State*, 2020 WL 3096746, at *1, 234 A.3d 160 (Del. June 10, 2020) (table). Following remand, Plaintiff was resentenced on July 2, 2020 to seven years and ten months of Level V incarceration, suspended for one year of Level IV Crest, suspended after successful completion for one year of Level III intensive outpatient treatment, and the sentence for the conditional release violation remained unchanged, with a maximum release date of July 5, 2020. *See Guilfoil v. State*, 2020 WL 6498679, at *2.

Defendants violated his rights by their actions. (*Id.* at 21) He seeks nominal, compensatory, and punitive damages. (*Id.* at 8)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

4

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

Claims arising under 42 U.S.C. § 1983 require a showing that each defendant was personally involved in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Kenneth Phillips and John Williams are named as defendants but there are no allegations directed towards them in the Complaint. Plaintiff alleges that he wrote to Jennings, and she did not respond to his letter. This does not rise to the level of a constitutional violation. The Complaint does not contain the requisite personal involvement for a claim under § 1983. Therefore, Phillips, Williams, and Jennings will be dismissed as defendants.

### B. Judicial Immunity

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted).

As alleged, the actions taken by Judge Clark relate to actions he took as a judge. There are no facts that show Judge Clark acted in the clear absence of jurisdiction. He will therefore be dismissed as a defendant.

### C. State Actor

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff is unhappy with the representation he was provided by Assistant Public Defender Harpster.

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, Harpster will be dismissed as a defendant.

### D. Habeas Corpus

The remaining claims are related to Plaintiff's violation of probation charge and are raised against Rogers, Henderson, and Does 1 and 2. To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for

challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citing *Heck*, 512 U.S. at 486-87.) The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div.*, 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace*, 549 U.S. at 392 (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

As alleged in the Complaint, Plaintiff appealed the June 28, 2019 and August 5, 2019 orders. This Court takes judicial notice that on appeal to the Delaware Supreme Court, Plaintiff raised the same issues he raises here. *See Guilfoil v. State*, 241 A.3d 219 2020 WL 6498679, at *2 (Del. Nov. 4, 2020) ((table). The Delaware Supreme Court found Plaintiff's arguments without merit. *Id.*

Finally, the doctrine set forth in *Heck* applies to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). Plaintiff has not successfully challenged any aspect about his sentence on appeal or in a post-conviction proceeding. His civil rights claims are not cognizable because success on those claims would necessarily imply the invalidity of his sentence

and related imprisonment. *See e.g., Abbott v. Pennsylvania Dep't of Corr.*, 426 F. App"x 42, 43 (3d Cir. 2011) (per curiam). Therefore, the remaining claims will be dismissed.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment futile.

An appropriate order will be entered.